IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SALVADOR SANCHEZ**, and all other persons similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>**CARIDAD-BRONX RESTAURANT CORP., and ORQUIDIA ANDREYEV, Individually.**<br><br>  Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

  Plaintiff SALVADOR SANCHEZ ("SANCHEZ" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants CARIDAD-BRONX RESTAURANT CORP. ("Caridad"), and ORQUIDIA ANDREYEV ("Andreyev") individually, (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

  1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

  2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of

1

himself and all other persons similarly situated non-exempt delivery drivers who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and applicable state laws of the State of New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those Claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5. Venue is proper in the District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed delivery duties for the Defendants in Bronx County, New York County, and Westchester County, New York and based from Defendants' business located in Bronx, New York.

7. At all times pertinent to this Complaint, the Defendant Caridad is a restaurant located at 1436 Williamsbridge Road, Bronx, New York, that serves Latin American fare, including breakfast, lunch, and dinner, as well as alcoholic beverages, and provides catering services as well as food delivery throughout New York.

8. Upon information and belief, at all times relevant to this Complaint, the Defendants Caridad and Andreyev, employ individuals to perform labor services on behalf of the Defendants. Plaintiff is an employee of Defendants per the FLSA and NYLL.

9. Defendant Caridad is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, Caridad purchases food and product which move and have moved through

interstate channels so as to produce an end product for Defendants' consumers. As well, Defendants accept credit cards and debit cards on a daily basis from its patrons, many of which are issued and processed by financial institutions located in states other than New York.

10. Alternately, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers.

11. Upon information and belief, at all times relevant to this Complaint, the Defendant Caridad's annual gross volume of sales made or business done was not less than $500,000.00.

12. Defendants are therefore within the jurisdiction and venue of this Court.

## **PARTIES**

13. Plaintiff Sanchez is an adult individual who is a resident of Bridgeport, Connecticut.

14. Plaintiff Sanchez was and remains employed by Defendants full time as a delivery driver for Defendants' restaurant business.

15. Plaintiff commenced work for Defendants in or about 2002, and continues to work for Defendants to date, or for approximately 14 years.

16. As stated earlier, Defendant Caridad is a restaurant located at 1436 Williamsbridge Road, Bronx, New York, that serves Latin American fare, including breakfast, lunch, and dinner, as well as alcoholic beverages and also provides catering services as well as food delivery throughout New York.

17. Upon information and belief, Defendant Andreyev is a New York state resident.

18. Upon information and belief, at all times relevant to this Complaint, individual

Defendant Andreyev has been an owner, partner, officer and/or manager of the Defendant Caridad.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Andreyev, has had power over personnel decisions at the Defendant Caridad, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Defendant Andreyev was routinely at Caridad.

21. Andreyev directed Plaintiff's work.

22. Andreyev set Plaintiff's work schedule.

23. Andreyev set Plaintiff's rate of pay.

## **FACTS**

24. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

25. During the relevant time period, Plaintiff was paid $50.00 per day, regardless of the number of hours he worked in a day, equating to weekly pay of $250.00 or $300.00 per work week, depending upon whether Plaintiff worked five (5) or six (6) days per workweek. Plaintiff also earned approximately $50.00 per day in tips. Thus Plaintiff's gross weekly income was $500.00 to $600.00.

26. During the relevant time period, Defendants had no time clock, time sheets, or any system whatsoever, for recording the hours that Plaintiff worked. As such, Defendants did not record Plaintiff's start time, stop time, or meal breaks taken, if any.

27. Plaintiff Sanchez routinely worked five (5) to six (6) days per week.

28. Plaintiff Sanchez routinely worked from at least 12 p.m. until 10 p.m. or 11 p.m.; ten (10) to eleven (11) hours per day. Plaintiff rarely took a meal break.

29. Plaintiff routinely worked fifty (50) to sixty-five (65) hours per week.

30. Plaintiff rarely, if ever, worked less than forty (40) hours in a workweek.

31. Upon information and belief, employees similarly situated to Plaintiff were also compensated at a day rate, despite working different hours daily for Defendants.

32. Plaintiff did not receive one and one half times his regular rate of pay for hours worked over forty (40) hours per week.

33. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

34. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

35. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

36. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

37. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

38. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which

they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

39. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after July 23, 2013, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

40. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

43. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid. 52.

44. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

45. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the Act, Plaintiff and those

6

similarly situated employees are entitled to liquidated damages.

## COUNT IV
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NYLL

47. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

48. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

49. At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

50. Plaintiff and those similarly situated employees are covered by the NYLL. Defendants failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142, who have worked overtime hours in one or more work periods, on or after June 24, 2010.

51. Defendants have failed to pay Plaintiff and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

52. Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.  Due to Defendants' violations of the NYLL, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT  III
## RECOVERY FOR RECORD KEEPING VIOLATIONS

**PURSUANT TO THE NYLL**

53. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

54. Defendants have willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiffs or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

55. Defendants have willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

56. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated

employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

## JURY TRIAL

57. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff SALVADOR SANCHEZ, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants CARIDAD BRONX RESTAURANT CORP., and ORQUIDIA ANDREYEV, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 23, 2016                Respectfully submitted,

 /s/ Jodi J. Jaffe
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New York Bar No.: JJ8034
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*